## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

JOEL RYAN SMITH,                        )
                                        )
      Plaintiff,                 )
                                        )
vs.                                     )       No. 1:22-cv-01191-SHM-tmp
                                        )
CORECIVIC, F/N/U SMITH, and OFFICER     )
F/N/U YOUNG,                            )
                                        )
      Defendants.                )
                                        )

---

## ORDER MODIFYING THE DOCKET;
## DISMISSING THE COMPLAINT (ECF NO. 1) WITH PREJUDICE IN PART AND WITHOUT PREJUDICE IN PART; AND
## GRANTING LEAVE TO AMEND THE CLAIMS DISMISSED WITHOUT PREJUDICE

---

On September 9, 2022, Plaintiff Joel Ryan Smith ("Plaintiff") filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 and a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) When Plaintiff filed the complaint, he was incarcerated at the Whiteville Correctional Facility (the "WCF"), in Whiteville, Tennessee. (ECF No. 1-1 at PageID 4; ECF No. 1-2 at PageID 10.) (*See also* https://foil.app.tn.gov/foil/details.jsp (Tennessee Department of Correction (the "TDOC") Felony Offender Information website, showing that Plaintiff is incarcerated at the WCF, with a sentence end-date of December 23, 2025) (last accessed Apr. 28, 2025).) On September 12, 2022, the Court granted leave to proceed *in forma pauperis* and assessed the three hundred and fifty dollar ($350.00) civil filing fee pursuant to the Prison Litigation Reform Act, 28 U.S.C. §§ 1915, *et seq.* (the "PLRA"). (ECF No. 4.)

In the complaint, Plaintiff alleges claims of: (1) failure to protect; (2) denial of segregated cell assignment; and (3) deprivation of medical care. (ECF No. 1-1 at PageID 4-8.) Plaintiff sues: (1) CoreCivic; (2) Lieutenant F/N/U Smith; and (3) Captain F/N/U Young. (ECF No. 1 at PageID

1-2 (Lieutenant Smith and Captain Young are referred to as the "Individual Defendants").)
Plaintiff seeks: (1) "compensat[ion] for my pain and suffering" (ECF No. 1-1 at PageID 7-8); and
(2) termination of the employment of "the officers who were involved." (*Id.*)

The Clerk shall MODIFY the docket to: (1) add the WCF as a Defendant; and (2) change
Defendant Officer F/N/U Youngblood's name to "Captain F/N/U Young." (*See* ECF No. 1 at
PageID 2; ECF No. 1-1 at PageID 4.)

The complaint (ECF No. 1) is before the Court.

For the reasons explained below: (1) the complaint (ECF No. 1) is DISMISSED
WITHOUT PREJUDICE in part and DISMISSED WITH PREJUDICE in part; and (2) leave to
amend the claims dismissed without prejudice is GRANTED.

## I.   **FACTUAL BACKGROUND**

Plaintiff alleges that, on April 17, 2022, he told a "correctional officer" at the WCF
"inmates were threatening me if I didn't pay them money." (ECF No. 1-1 at PageID 4.)  The un-
named correctional officer directed Plaintiff to pack his personal property and await further
instruction.  As Plaintiff packed, Lieutenant Smith and Captain Young entered the cell, handcuffed
Plaintiff, questioned him, and told him to speak with Unit Manager Neal the following morning
about "RCA."[1]  (*Id.*)  Plaintiff does not describe the questions asked by Smith and Young.  (*Id.*)

Plaintiff alleges that, as he sat with his property at the pod's front door on April 18, 2022,
he told Sergeant Murphy that "I needed to talk to Unit Manager Neal so that I could get her help
to find a safe place to live and isolate myself away from the drugs I was using." (*Id.* at PageID 4-
5.)  When Plaintiff met with Unit Manager Neal later that day, Neal told Plaintiff that the WCF is
not a rehabilitation facility and Plaintiff would be placed in the general population. (*Id.* at PageID
5.)  Plaintiff alleges he told Neal that Plaintiff "feared for his life," but Plaintiff does not explain

---

[1]  Plaintiff alleges Lieutenant Smith and Captain Young told Plaintiff that he "had all day that day
to RCA," but Plaintiff does not explain the meaning of "RCA."  (ECF No. 1-1 at PageID 4.)

the basis of his fear  (*Id*.)  Neal told Plaintiff that "she wasn't going to be moving [Plaintiff] to segregation [be]cause she didn't have room."  (*Id*.)  Plaintiff alleges he told Neal and "all the correction officers who were standing in [the] I-Unit sallyport that […] it was not safe for me to live there [in general population]."  (*Id*.)  Plaintiff alleges that, "[a]fter a short argument," he was handcuffed and "forced back" into general population unit I-D 102.  (*Id*.)  Plaintiff alleges that "[i]nstead of the Administration helping me, they made it worse and put me directly in harms way again."  (*Id*. at PageID 5-6.)  Plaintiff does not allege whether he feared drug use relapse or physical safety in the WCF's general population.

Plaintiff alleges that, when he "came back out [of] the cell into population" on April 19, 2022, he "was told by a certain inmate that I needed to pay him or I was going to be beat up."  (*Id*. at PageID 6.)  Plaintiff alleges that, although "the pod officer heard [the inmate] tell me he wanted his money or some blood", "[t]he officer didn't try to call for help or nothing.  [S]he just told us to go back in the pod."  (*Id*.)  When the inmate next told Plaintiff that "I could either come in his cell and fight and get it over with or he was going to stab me if I wouldn't go in the cell", Plaintiff "figured I wouldn't make him mader [sic] so I went into the cell where I was assaulted by two inmates [the 'Assailants']."  (*Id*. at PageID 6-7 (the "Incident").)  When the Assailants were dissatisfied because Plaintiff was not bleeding, they began hitting him "in the head, back, ribs, and legs with a 2 foot long solid metal bar."  (*Id*. at PageID 7.)  Plaintiff lost consciousness "and got woke up [sic] by the other inmate stomping and kicking me."  (*Id*.)  Plaintiff alleges that he suffered blood loss and dizziness during the Incident and that he required stitches in his ear.  (*Id*.)  When correctional officers began the inmate headcount at 9:30 p.m., the officers "told the captain [that Plaintiff] needed medical attention."  (*Id*.)

Plaintiff alleges that, after he "healed up for 45 days in the RCA pod", the "Administration put me in general population in […] the pod that they moved the [Assailants] to after they found them NOT GUILTY of assault."  (*Id*. (emphasis in original).)  Plaintiff alleges that he is "still

3

being threatened, not to mention extorted." (*Id.* at PageID 8.) Plaintiff alleges that "the officers at this prison don't care about my safety." (*Id.*)

## II.    <u>LEGAL STANDARD</u>

The Court must screen prisoner complaints and dismiss any complaint, or any portion of it, if the complaint —

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
(2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint states a claim on which relief may be granted, the Court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Under those standards, the Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). The Court does not assume that conclusory allegations are true, because they are not "factual," and all legal conclusions in a complaint "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Federal Rule of Civil Procedure 8 provides guidance on this issue. Although Rule 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," it also requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

Courts screening cases accord more deference to *pro se* complaints than to those drafted by lawyers. "*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants are not exempt

4

from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

## III.    REQUIREMENTS TO STATE A CLAIM UNDER § 1983

Plaintiff sues under 42 U.S.C. § 1983. (ECF No. 1 at PageID 1.) To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States, and (2) that a defendant caused harm while acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

## IV.    ANALYSIS

### Claims Against: (1) The Individual Defendants In Their Official Capacities; (2) CoreCivic; And (3) The WCF

Plaintiff does not allege whether he sues the Individual Defendants in their official or individual capacities. (ECF Nos. 1 & 1-1.) The Sixth Circuit requires plaintiffs to "set forth clearly in their pleading that they are suing the state defendants in their individual capacity for damages, not simply in their capacity as state officials." *Wells*, 891 F.2d at 592. "Absent a specification of capacity, it is presumed that a state official is sued in his official capacity." *Northcott v. Plunkett*, 42 F. App'x 795, 796 (6th Cir. 2002) (citing *Wells*, 891 F.2d at 593). The Court construes Plaintiff's claims against the Individual Defendants as official capacity claims.

Plaintiff's official capacity claims against the Individual Defendants are treated as claims against the Individual Defendants' employer — *i.e.*, CoreCivic, the private corrections management firm that manages the WCF. *See Jones v. Union Cnty., Tennessee*, 296 F.3d 417, 421 (6th Cir. 2002) (citing *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994)); *see also* ECF No. 1 at PageID 2 (alleging that the Individual Defendants are "CoreCivic officers"); https://

www.tn.gov/correction/state-prisons/state-prison-list/whiteville-correctional-facility.html (TDOC website, demonstrating that the WCF "is managed by CoreCivic, a private corrections management firm") (last accessed Apr. 28, 2025); https://www.corecivic.com/about (CoreCivic website's "About Us" page) (last accessed Apr. 28, 2025).

Plaintiff does not state a claim to relief against CoreCivic or the Individual Defendants in their official capacities.

"A private corporation that performs the traditional state function of operating a prison acts under color of state law for purposes of § 1983." *Thomas v. Coble*, 55 F. App'x 748, 748 (6th 2003) (citing *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996)). The Sixth Circuit applies the standards for assessing municipal liability to claims against private corporations that operate prisons or provide medical care to prisoners. *Id.* at 748-49; *Street*, 102 F.3d at 817-18. CoreCivic "cannot be held liable under a theory of *respondeat superior.*" **Braswell v. Corr. Corp. of Am.**, 419 F. App'x 622, 627 (6th Cir. 2011). To prevail on a § 1983 claim against CoreCivic, Plaintiff "must show that a policy or well-settled custom of the company was the 'moving force' behind the alleged deprivation" of Plaintiff's rights. *See id.*

Plaintiff does not identify or describe any policy or custom of CoreCivic, much less an unconstitutional policy or custom of CoreCivic pursuant to which the Individual Defendants acted to deprive Plaintiff of a constitutional right. (*See* ECF No. 1-1 at PageID 4-8.) Instead, Plaintiff alleges generally that "the officers at this prison don't care about my safety" (ECF No. 1-1 at PageID 8) and "the Administration […] put me directly in harm[']s way." (*Id.* at PageID 5-6.) Plaintiff fails to state a claim under § 1983 against CoreCivic.

For these reasons, Plaintiff's claims against the Individual Defendants in their official capacities are DISMISSED WITH PREJUDICE. Plaintiff's claims against CoreCivic are DISMISSED WITHOUT PREJUDICE for failure to allege facts stating a claim to relief.

To the extent Plaintiff seeks to allege a claim under § 1983 against the WCF, the complaint fails to state a claim to relief as a matter of law. Under § 1983, a jail is not a "person" subject to suit. *Marbry v. Corr. Med. Serv.*, 238 F.3d 422 (table), No. 99-6706, 2000 WL 1720959, at *2 (6th Cir. Nov. 6, 2000). Plaintiff's claim against WCF is DISMISSED WITH PREJUDICE for failure to state a claim to relief as a matter of law.

## V.   AMENDMENT UNDER THE PLRA

The Sixth Circuit has held that a District Court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *Lucas v. Chalk*, 785 F. App'x 288, 291 (6th Cir. 2019) (citing *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[W]e hold, like every other circuit to have reached the issue, that under Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA")); *see also Brown v. R.I.*, 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded"). Leave to amend is not required where a deficiency cannot be cured. *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) ("This does not mean, of course, that every *sua sponte* dismissal entered without prior notice to the plaintiff automatically must be reversed. If it is crystal clear that ... amending the complaint would be futile, then a *sua sponte* dismissal may stand."); *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that *sua sponte* dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts").

The Court grants leave to amend the complaint under the conditions set forth below

## VI.   CONCLUSION

For the reasons explained above:

**A.**    To the extent the complaint (ECF No. 1) alleges claims against the WCF and against Lieutenant Smith and Captain Young in their official capacities (collectively, the "Claims Dismissed With Prejudice"), those claims are DISMISSED WITH PREJUDICE for failure to state a claim to relief as a matter of law.  *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).  Leave to amend the Claims Dismissed With Prejudice is DENIED.

**B.**    The claims in the complaint against CoreCivic (the "Claims Dismissed Without Prejudice") are DISMISSED WITHOUT PREJUDICE for failure to allege facts stating a claim to relief.

**C.**    Leave to amend the Claims Dismissed Without Prejudice is GRANTED.  An amended pleading must be filed within twenty-day (21) days of the date of this Order and must comply with the Federal Rules of Civil Procedure, including but not limited to Rule 8's requirement of a short and plain statement of Plaintiff's claims.  An amended complaint supersedes the initial complaint and must be complete in itself without reference to the prior pleadings. Plaintiff must sign the amended complaint, and the text of the amended complaint must allege sufficient facts to support each claim without reference to any extraneous document.  Any exhibits must be identified by number in the text of the amended complaint and must be attached to the amended complaint.  All claims alleged in an amended complaint must arise from the facts alleged in the initial complaint.  Each claim for relief must be stated in a separate count and must identify each Defendant sued on that count.  If Plaintiff decides to amend his claims, he must use the "Complaint For Violation Of Civil Rights Under 42 U.S.C. § 1983" form.[2]  If Plaintiff fails to file an amended complaint within the time specified, the Court will dismiss the complaint with prejudice in its entirety and enter judgment.  The Court recommends that any such dismissal should

---

[2]    *See* https://www.tnwd.uscourts.gov/sites/tnwd/files/CivilRightsComplaint.pdf (last accessed Apr. 28, 2025).

be treated as a strike pursuant to 28 U.S.C. § 1915(g).  *See Simons v. Washington*, 996 F.3d 350,

353 (6th Cir. 2021).

IT IS SO ORDERED, this  *28th*  day of April, 2025.

/s/ *Samuel H. Mays, Jr.*
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE