# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | |
|---|---|
| JOEL RYAN SMITH, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> CORECIVIC, LIEUTENANT F/N/U ) <br> SMITH CAPTAIN F/N/U YOUNG, and ) <br> WHITEVILLE CORRECTIONAL ) <br> FACILITY, ) <br> ) <br> Defendants. ) <br> ) | No. 1:22-cv-01191-SHM-tmp |

## ORDER DISMISSING CASE;
## CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH;
## NOTIFYING SMITH OF APPELLATE FILING FEE; AND
## RECOMMENDING THIS DISMISSAL BE TREATED AS A STRIKE UNDER
## § 28 U.S.C. 1915(g)

On September 9, 2022, Plaintiff Joel Ryan Smith ("Plaintiff") filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 and a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) When Plaintiff filed the complaint, he was incarcerated under prisoner identification number 553034 at the Whiteville Correctional Facility (the "WCF"), in Whiteville, Tennessee. (ECF No. 1-1 at PageID 4; ECF No. 1-2 at PageID 10.) (*See also* https://foil.app.tn.gov/foil/details.jsp (Tennessee Department of Correction (the "TDOC") Felony Offender Information website, showing that Smith is incarcerated at the WCF, with a sentence end-date of December 11, 2025) (last accessed June 9, 2025).) On September 12, 2022, the Court granted leave to proceed *in forma pauperis* and assessed the three hundred and fifty dollar ($350.00) civil filing fee pursuant to the Prison Litigation Reform Act, 28 U.S.C. §§ 1915, *et seq*. (the "PLRA"). (ECF No. 4.)

On April 28, 2025, the Court: (1) dismissed the complaint (ECF No. 1) with prejudice in part and without prejudice in part; and (2) granted leave to amend the claims dismissed without prejudice within twenty-one (21) days. (ECF No. 6 at PageID 25-33 (the "Screening Order").)

Pursuant to the Screening Order, Smith's deadline to amend expired on Monday, May 19, 2025. Smith has failed to timely file an amended complaint or to seek an extension of time to amend.

For that reason, the Court **DISMISSES** this case with prejudice in its entirety for the reasons discussed in the Screening Order. (*See* ECF No. 6 at PageID 32-33 ("If Plaintiff fails to file an amended complaint within the time specified, the Court will dismiss the complaint with prejudice in its entirety and enter judgment").) Judgment will be entered in accordance with the Screening Order.

For § 1915(g) analysis of Smith's future filings, if any, the Court recommends that the dismissal of this case be treated as a strike pursuant to § 1915(g). *See Simons v. Washington*, No. 20-1406, 2021 WL 1727619, at *1 (6th Cir. May 3, 2021). *See also* ECF No. 6 at PageID 32-33 (recommending that a dismissal of this case for Smith's failure to timely amend be treated as a strike pursuant to § 1915(g).)

Pursuant to Federal Rule of Appellate Procedure 24(a) and 28 U.S.C. § 1915(a)(3), it is **CERTIFIED** that any appeal in this matter by Smith would not be taken in good faith. If Smith nevertheless chooses to file a notice of appeal, Smith must either (1) pay the entire six hundred and five dollar ($605.00) appellate filing fee or, if Smith is confined at that time, (2) submit a new *in forma pauperis* affidavit and a current, certified copy of Smith's inmate trust account statement for the last six months, in compliance with 28 U.S.C. §§ 1915(a)-(b).

**IT IS SO ORDERED**, this  9th  day of June, 2025.

        /s/ *Samuel H. Mays, Jr.*
        SAMUEL H. MAYS, JR.
        UNITED STATES DISTRICT JUDGE